McKinney, J.,
delivered the opinion of the court.
This action — which is ejectment, for a tract of land of two hundred and thirty acres, situate in Henderson county — was commenced on the 16th of November, 1840.
Both parties setup title to the premises; and the nature and origin of their conflicting titles are as follows:
On the 12th of April, 1831, Whiting, Stark & Palmer, recovered a judgment in the circuit court of Henderson, against Samuel Wilson and Solomon West, for $1038 58. An execution issued on said judgment on the 10th of November, 1831, returnable to the April term, 1832, which was levied on certain lands, (not, however, including the tract sued for, as would appear from the description,) and returned with the *517 endorsement thereon: “Too late to advertise and sell.” This levy does not appear to have been further pursued.
On the 13th of April, 1832, and more than twelve months from the date of said judgment, an alias writ of fi. fa. issued thereon, and was levied on the tract of land sued for; and on the 9th of June, 1832, the same was sold by the sheriff to William Stoddert, for the sum of $30, and was conveyed to him by a deed from the sheriff of the same date.
Afterwards, namely, on the 26th of August, 1836, by a proceeding in chancery, which was finally terminated in this court — and which it is not important to notice here more particularly — the interest of Stoddert in said tract of land, acquired by said purchase at sheriff’s sale, was sold by the clerk and master of this court, and was purchased by the defendant Collins, and, by the direction of the court, the clerk executed to him a deed for said land, on the 16th of April, 1838. Under which defendant entered, and claims to hold said tract of land.
The title of the lessor of the plaintiff is as follows: In the interval between the rendition of the before mentioned judgment against Wilson & West, and the levy of the execution on saidtractof land, namely, on the 24th of October, 1831, said Wilson conveyed said tract of land, by deed of trnst, for the benefit of creditors, to Thomas Washington; and under, and by virtue of said deed of trust, said tract of land was sold by the trustee, on the 3d of April, 1833, and was purchased by the lessor of the plaintiff, to whom the trustee conveyed the same on the 12th of September, 1833.
Upon this statement of the facts, it will be obvious, that his Honor, the circuit judge, erred in assuming that the defendant’s was the superior title.
The act of 1799, ch. 14, §2, governs, and is decisive of the question — both titles having originated prior to the operation of the act of 1831, ch. 90, §7, which by the concluding *518 section thereof, in connexion with the subsequent act of 1832, ch. 3 7, was postponed until the first of March, 1833.
■ The 2d section of the act of 1799, declares, that “no execution on lands shall be levied, or sale of lands or tenements shall be made, which may affect the title of any person purchasing bona fide from, through, or under a defendant in any judgment, unless such execution shall be issued, and levied on such land, and sale thereof made, in twelve months from the time of the said judgment being rendered; and every sale of lands or tenements under execution, made contrary to the provisions of this act, shall be pull and void to all intents and purposes.”
Prior to this statute, the lien of a judgment was without limitation as to time. By its provision, the lien is limited to twelve months from the date of the judgment. A levy and sale, at any time within that period, overreaches and avoids all intermediate alienations by the judgment debtor, of whatever character; but as to bona fide purchasers from him — that is, such purchasers as are not within the statute against fraudulent conveyances — the lien becomes extinct, unless a levy and sale of the land has been made within the twelve months. If the judgment creditor has failed to cause a levy and sale to be made within the time limited, not only will a purchase after, but likewise a purchase before, the expiration of the twelve months, be held valid; because the instant his lien is extinguished, by his own negligence, the creditor ceases to be in a condition to challenge the validity of such purchase; and the voidable title of such purchaser becomes perfect and absolute, instantly upon the extinguishment of the creditor’s lien, and takes effect from its date. This provision of the statute applies, too, as much to a mortgage, or deed of trust, as to an absolute sale by the judgment debtor; and a purchaser under such mortgage, or deed of trust, is equally within the letter and *519 spirit of the act, as a purchaser, directly, and by absolute conveyance, from the debtor.
2d. No question can be raised upon this record, as to an outstanding title in the heirs of Stoddert; because the legal effect of the proceeding in chancery was, to transfer to, and vest in Collins, in virtue of his purchase, whatever title had been acquired by Stoddert under the execution sale. But, were it otherwise, it would be competent to the lessor of the plaintiff to show, that, by operation of the statute of limitations, or for any other cause, such outstanding title was not a valid and present-subsisting title; not such a title as, compared with that of the lessor’s, would be held to prevail against it in an action of ejectment; and unless such effect could be predicated of it, it would be unavailing to defeat the lessor’s right of recovery.
The result is, that the judgment for the defendant must be reversed, and the case be remanded for a new trial.